FRANCES KANE, Appellant, v. JOHN GRADY.

**Intoxicating Liquors:** WITHDRAWAL OF PROPERTY OWNER'S CONSENT.
A property owner may withdraw his consent to the sale of liq·
uor within fifty feet of his place of business, but the same shall
not operate to remove the bar to prosecution during the year
for which the tax has been paid.

*Appeal from Johnson District Court.*—HON. O. A. BYING-
TON, Judge.

WEDNESDAY, MARCH 9, 1904.

SUIT in equity to restrain the defendant from selling in-
toxicating liquor. The plaintiff was the owner of property
within fifty feet of the defendant's saloon, and signed a writ-
ten statement of consent to the sale of intoxicating liquor
therein, which, together with the statement of general con-
sent, and the resolution of the city council consenting to
such sale, was filed in the auditor's office about the 1st of
May, 1900. This consent was never renewed, as we under-
stand the record, and on the 13th day of June, 1902, the
plaintiff served upon the defendant a written withdrawal
thereof. This suit was begun in January, 1903, the petition
alleging the granting and withdrawing of consent, the occu-
pancy of the building, and the sale of intoxicating liquor
therein by the defendant, and that by reason of the with-
drawal the defendant was selling liquor in violation of law,
and maintaining a nuisance, which the court was asked to en-
join. A demurrer to the petition was sustained, and the
case dismissed. The plaintiff appeals.—*Reversed.*

*Remley & Ney* for appellant.

*John W. Slater* and *Baker & Ball* for appellee.

SHERWIN, J.—We take it for granted that the neces-
sities of the public were such that the defendant was com-

pelled to and did open his saloon for business as soon as pos-
sible after the statement of consent and the resolution of the
city council had been filed as provided by law, and in the dis-
cussion of the case we shall assume that the tax year began
not later than July 1, 1900. The petition did not allege that
a statement of general consent and a certified copy of the
resolution properly adopted by the city council consenting to
sales of liquor by the defendant had been filed as required by
law, but by stipulation these facts were before the district
court, and considered by it in disposing of the demurrer; so
that the controlling question in the case is whether the plain-
tiff could withdraw his consent after it had been acted upon
by the defendant in locating his saloon. The statute (Code,
section 2448) provides, among other things, that "a written
statement of consent from all the resident freeholders owning
property within fifty feet of the building" where the busi-
ness of selling intoxicating liquors is carried on shall be filed
in order to bar prosecutions for such sale, and it is evident
that if the consent of the plaintiff, given in 1900, was not
effective at the time this suit was brought, the demurrer
should not have been sustained. Section 2451 of the Code
provides that whenever any of the conditions of section 2448
"shall be violated, or whenever the council of the city or town
* * * shall by a majority vote direct it, or whenever there
shall be filed with the county auditor a verified petition,
signed by a majority of the voters of the said city or town,
* * * as shown by the last general election, requesting it,
then the bar to proceedings shall cease to operate, and the per-
son engaged in the sale of intoxicating liquor shall be liable
to all the penalties provided for in this chapter." The statute
does not expressly provide for the revocation of the consent
given by the fifty foot property owners, and the appellee con-
tends that the rule of exclusion applies; that, the statute hav-
ing declared that the voters and the city council may revoke,
it follows that the property owner whose consent is necessary
may not; and that his consent once given and acted upon is

irrevocable. But we do not think this is true. Neither do we think that the property owner may revoke his consent at his "own sweet will," as contended by the appellant. Section 2432 of the Code provides that every person carrying on the business "shall pay an annual tax, to be called a mulct tax, of six hundred dollars." Under this provision it cannot be doubted that a person who is about to engage in the business and who has complied with the other requirements of the law, may pay this annual tax in one sum at the beginning of the business, and continue the business for one year thereafter under its protection, provided he complies with the law in all other respects. True it is that the same section also provides for the payment of the tax in quarterly installments, but this provision is evidently for the benefit of the taxpayer, and does not prohibit the payment of the whole tax at once. The second paragraph of section 2448 says that "the person appearing to pay the tax shall file with the county auditor a certified copy of a resolution regularly adopted by the city council consenting to such sale by him," and a written statement of consent by the property owner. This section, construed, as it must be, under well-settled rules, with the section to which we have already referred, means, in our judgment, that the property owners' consent and the certified copy of the resolution of the city council must be filed when the person appears to pay the annual tax. Nor is this construction inconsistent with the power of revocation given the city council in the subsequent section, because there the power is given to revoke the consent at any time during the tax year.

If we have thus far correctly interpreted the legislative intent, we think it clearly apparent that it was not intended to permit a revocation of the property owner's consent during the tax year. While his consent is necessary to bring the business within the protection of the statute, it relates to the place, and is intended for his own protection, rather than for the protection of the general public; otherwise the requirement would not have been made, for, as we have seen, the

general public is given the means of protecting itself. In other words, the privilege of consenting or refusing to consent is personal to the property owner. It is manifest that it would be a great hardship in many instances to permit this consent to be withdrawn immediately after it had been acted upon, and after expense had been incurred in reliance thereon. When money has been expended upon the faith of the consent, justice and fair dealing require that the person giving such consent shall not be allowed to destroy the rights acquired thereby. *Orcutt v. Reingordt,* 46 N. J. Law, 337; *State v. Gerhardt,* 145 Ind. Sup., 439 (44 N. E. Rep. 469 33 L. R. A. 313); *In re Adriance* (Sup.) 69 N. Y. Supp. 314. On the other hand, such consent, given without consideration, should not be held irrevocable. And these considerations we have no doubt were in the legislative mind when the law under consideration was enacted. We believe this construction gives force and effect to every part of the statute, and to every reasonable implication which may be drawn therefrom. As it appears from the record that the consent of the plaintiff was not obtained and filed after May, 1900, it follows that his consent was not on file at the time this suit was instituted.

The judgment is therefore REVERSED.