Mike Conway, Plaintiff, v. District Court in and for
Fayette County, L. E. Fellows, Judge, Defendant.

Mulct saloon: CONSENT OF PROPERTY OWNERS.  A purchaser of prop-
erty from one who has consented to a saloon within fifty feet
of his property does not take the property subject to the con-
sent of his grantor, but a new statement of consent by such
purchaser must be filed by the saloonkeeper at the beginning
of the next tax year.

*Certiorari* to Fayette District Court.

Friday, December 14, 1906.

THIS is an action of *certiorari* originally instituted in this court to question the validity of an order finding the plaintiff guilty of contempt in violating an injunction against the illegal sale of intoxicating liquors.— *Dismissed.*

*W. B. Ingersoll,* for plaintiff.

*E. R. Acres,* for defendant.

McCLAIN, C. J.— In 1897 a decree was rendered in the district court in and for Fayette county enjoining the plaintiff in this action from making illegal sales of intoxicating liquors on certain premises in the city of Oelwein in said county.    In a proceeding instituted in that court in January, 1906, it was charged that this plaintiff had been engaged since November, 1905, in keeping for sale and selling intoxicating liquors on said premises, and his punishment for contempt was demanded.    The plaintiff as defendant in that proceeding alleged that the mulct law was in full force and effect in the city of Oelwein, and admitted that he was conducting a saloon on the premises described, but averred that he was doing so in full compliance with the terms of the mulct law, and that the city council had by resolution authorized the sale of intoxicating liquors by said defendant in said city.    The defendant further alleged that he had acquired the consent of the property owners within fifty feet of the place within which said business was being conducted, and that the business was conducted as required by the provisions of the mulct law.    By stipulation it was agreed that the mulct law was in force in the city of Oelwein, and that defendant was authorized by a resolution of the city council to carry on the business of selling liquors in that city.    With reference to the consent of owners of property within fifty feet of the place where defendant was conducting his business, it is agreed that, during the year 1905, one P. J. Miles purchased certain property within fifty feet

of the place where plaintiff is conducting his business, of one who had theretofore given consent in writing to plaintiff to sell intoxicating liquors on the premises named in the information, and that said Miles, at the time of purchasing said property, well knew that the plaintiff in this action was conducting a saloon within fifty feet of the property so purchased by him, and that neither the said Miles nor his grantor had ever revoked at any time the consent theretofore given.

The question for our determination in this proceeding is whether the plaintiff was properly found guilty of contempt in the district court for maintaining a place for the sale of liquor without having secured the consent of said Miles owning property within fifty feet of said place. It is agreed that the tax year for this plaintiff under the mulct law commenced in January, and it was his duty, under the second condition of Code, section 2448, when appearing to pay the tax for that year, or the first quarterly installment thereof, to file with the county auditor a written statement of consent from all the resident freeholders owning property within fifty feet of the building where his business was carried on. This the plaintiff was unable to do, because at that time Miles was the owner of property situated within fifty feet of plaintiff's place of business, and had never given his consent.

We do not hold that this plaintiff should have secured a new statement of consent from all the property holders within the fifty-feet limit, for no doubt the consent once properly given by a property owner would continue effectual until revoked. See *Kane v. Grady,* 123 Iowa, 260. But we do hold that the purchaser of property from an owner who has consented to the maintenance of a saloon within fifty feet of his property does not take the property subject to the consent previously given by his grantor, and that a new statement of consent signed by such purchaser must be filed by the saloonkeeper at the beginning of the next tax

year.   In the Grady case, *supra,* we held that the adjacent
property owner might revoke his consent, such revocation
not being effectual until the beginning of the next tax year,
and we reach the conclusion in this case that the sale
amounted to a revocation of the consent given by the prop-
erty owner, so that, as to the property thus sold, the consent
of the purchaser must be filed at the beginning of the next
tax year.   To hold that the consent given by the owner of
adjacent property is binding on the property in the hands
of a purchaser with notice, so that it continues effectual until
revoked by such purchaser, would be to attach a condition
or burden on the ownership of the property, following it
into the hands of a purchaser, and this we think is not within
the contemplation of the statute.   The purchaser acquires
the property free from any impediment on account of the
consent given by the previous owner, and, when it again
becomes necessary for the saloonkeeper at the beginning of
a tax year to file the consent of owners of property within
fifty feet of his place of business, he must have the consent
of the purchaser.

The order of the lower court finding this plaintiff guilty
of contempt in carrying on the illegal sale of intoxicating
liquors contrary to an injunction previously issued was
therefore right, and the proceeding in this court by *certiorari*
to annul such order of the lower court is *dismissed.*