FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant, v. N. JENNESS, Auditor of Woodbury County, WILLIAM CONNIFF, Clerk of the District Court of Woodbury County, and EDWARD SCHAEFER.

**Intoxicating liquors:** BOND: CANCELLATION: STATUTES: MANDAMUS. Neither chapter 54, Acts 29th General Assembly, nor Code, section 1183, referred to therein, relating to qualification for office, requires any action on the part of approving officers in cancelling an official bond after notice by the surety of cancellation, but contemplate that notice by the surety company and return of the unearned premium shall operate *ipso facto,* as a cancellation, and mandamus to compel such officer to act in the premises will not lie.

**Same.** Chapter 54, Acts 29th General Assembly, relating to the cancellation of official bonds has no application to bonds given under the mulct law; since such a bond is continuing and cannot be cancelled by the surety during any year with reference to which it has taken effect; but it may be revoked at the close of any year by proper notice to the officer whose duty it is to see that a sufficient bond is on file.

*Appeal from Woodbury District Court.*— HON. FRANK R. GAYNOR, Judge.

WEDNESDAY, JUNE 10, 1908.

ACTION for writ of mandamus directing the county offi-

cers named as defendants to cancel a bond given by defendant Schaefer under the mulct liquor law on which plaintiff was surety. The court refused to grant the entire relief asked, and plaintiff appeals. The defendants, county officers, also appeal, complaining of a portion of the order made by the court. The plaintiff will be treated as appellant. *Affirmed* on plaintiff's appeal, and *reversed* on defendant's appeal.

*Henderson & Fribourg,* for appellant.

*Strong & Whitney,* for defendants Jenness and Conniff.

*J. W. Hubbard,* for defendant Edward Schaefer.

McCLAIN, J.— On July 25, 1902, defendant Schaefer, as principal, and the plaintiff, as surety, executed a bond in compliance with the provisions of Code, section 2432, relating to the sale of intoxicating liquors under the mulct law by said Schaefer, which bond was approved by the defendant officers of the county on August 1st following. On May 27, 1905, the plaintiff notified the defendant officers that plaintiff elected to cancel said bond at the expiration of thirty days thereafter on account of the failure of the principal to pay his premium due on said bond for the year ending July 25, 1905. It further appears from an agreed statement of facts that on January 31, 1905, defendant Schaefer had executed and caused to be approved by the defendant officers a bond with the American Bonding Company as surety, which still remained in force at the time this action was instituted. The relief asked by plaintiff was that the defendant officers be directed to cancel the bond on which plaintiff was surety and require defendant Schaefer to give a new bond, and that plaintiff be released and discharged from any and all liability under its bond from the date of the cancellation thereof. The court found that, while defendant Schaefer procured

the second bond to be executed, filed, and approved as a substitute for the bond on which plaintiff was surety, such act in no manner released, canceled, or discharged the bond of plaintiff; that plaintiff's bond had been canceled by operation of law on the expiration of the thirty days specified in plaintiff's notice; but that plaintiff was not entitled to have an order of mandamus compelling the defendant officers to cancel said bond. In pursuance of these findings the court taxed the costs to the plaintiff.

On plaintiff's appeal the question is whether the court should have directed the cancellation by defendant officers of the bond on which plaintiff was surety. The claim for this relief is based upon the provisions of chapter 54, Acts 29th General Assembly (Code Supp. 1907, sections 1177a, 1177d), which relates to bonds to be given by public officers and others, and provides that, if any surety on such bond does so elect, his liability thereon may be canceled at any time by giving thirty days' notice in writing to the person or persons authorized to approve said bond and to the officer or person with whom the same is required to be filed or deposited, and refunding the premium paid, if any, less a *pro rata* part thereof for the time said bond shall have been in force; and it is further provided that " all other bonds, public or private, required to be given by law, when not otherwise specifically provided, shall be substantially conditioned as required in this act and subject to the limitations thereof." The requirement as to conditions has express reference to the provisions of Code, section 1183, which prescribes the form of bond for civil officers. It is to be noticed that there is nothing in Act 29th General Assembly nor in Code, section 1183, to which reference therein is made, requiring any action on the part of the officers in canceling a bond when notice of such cancellation is given by the surety. So far as these statutory provisions are concerned, it seems to be the intention that the notice and compliance with the condition of returning the

1. INTOXICATING LIQUORS: bonds: cancellation: statutes: mandamus.

unearned premium should *ipso facto* operate as a cancellation.

It is true that sections 1283–1286 of the Code contemplate some action in the way of cancellation by the approving officer, but there is nothing in the act of the Twenty-Ninth General Assembly to indicate that the provisions of those sections are to be incorporated by the reference which is made to Code, section 1183. The provisions of the subsequent statute seem to be wholly independent of those contained in Code, sections 1283–1286. The plaintiff has not brought himself within the provisions of the Code sections, and he is not entitled to any affirmative relief under the provisions of the later act.

We are not satisfied, however, that the provisions of Act 29th General Assembly have any application to bonds given under Code, section 2448, relating to the sale of intoxicating liquors. The act seems to refer to bonds conditioned as provided in Code, section 1183, found in the chapter with reference to qualification for offices; and Code, section 2448, contemplates a bond with wholly different conditions. We cannot see how it would be practicable to apply the provisions of Act 29th General Assembly to a bond given under Code, section 2448, and therefore we must presume that the Legislature did not intend the act to have reference to bonds given under the mulct law. Indeed, the act, while directing that " all other bonds, public or private, required to be given by law, shall be substantially conditioned " as therein provided, expressly excepts bonds otherwise specifically provided for, and, as the conditions of the bonds required by Code, section 2448, are expressly described in that section, the act of 29th General Assembly can have no reference thereto.

2. SAME.

One who desires to sell liquor under the protection of the mulct law must pay an annual tax, which may be paid, however, in quarterly installments (Code, section 2432); must file with the county auditor a written statement of general consent, signed by a majority of the voters, etc.,

which statement must be found by the board of supervisors
to be sufficient; and must file a certified copy of a resolution
adopted by the city council consenting to such sale by him,
and a written statement of consent from all the resident
freeholders owning property within fifty feet of the building
where such business is carried on (Code, section 2448).
The statute seems to contemplate that these conditions shall
be complied with annually; that is, at the beginning of the
year for which the permission to sell is sought to be obtained.
The written statement of consent of voters continues in force
for succeeding years until revoked. The statement of con-
sent of owners of adjoining property also continues in force
until revoked, and cannot be revoked during the year for
which such consent has been given. *Kane v. Grady,* 123
Iowa, 260; *Conway v. District Court,* 132 Iowa, 510. As
there is no provision as to the term for which the bond is re-
quired to be given, we think it was the evident purpose of
the Legislature to permit a continuing bond which shall not
be subject to revocation during any year with reference to
which it has taken effect. But we see no reason, on the other
hand, for holding that if, prior to the beginning of any year
for which the seller desires to pay the mulct tax, a bond there-
tofore, in force, even though in terms continuing indefinitely,
is revoked by the surety, notice of such revocation being given
to the officers required to see that a proper bond is on file, the
surety on such a bond shall continue to be bound for that
year. In other words, compliance by the seller once each
year with the conditions of the mulct law should be required,
and, if he has not on file a bond for the ensuing year, he has
not the right to sell during that year unless such bond is fur-
nished, and notice to the proper officers of a revocation by the
surety of a bond theretofore in force leaves the seller in a
situation of not having on file such a bond as is required by
the statute.

The court committed no error, therefore, of which the
plaintiff can complain in refusing to order the defendant

officers to make a formal cancellation of the bond on which plaintiff was surety. On the other hand, the court erred in holding that the provisions of chapter 54, Acts 29th General Assembly were applicable to bonds given under the provisions of Code, section 2448, and defendants' appeal is therefore sustained.

The judgment is *affirmed* on plaintiff's appeal, and *reversed* on defendants' appeal.